IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEVEN PODKULSKI, B533964, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| OFFICER RASH, | ) | Case No. 25-cv-1453-DWD |
| SGT. AGNE, | ) | |
| C/O DINTELMANN, | ) | |
| JOHN DOE 1, | ) | |
| JANE DOE 1, | ) | |
| ANTHONY WILLS, | ) | |
| LATOYA HUGHES, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Steven Podkulski, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard), brings this civil rights action for alleged deprivations of his constitutional rights. (Doc. 1). Specifically, the complaint contains allegations about an alleged sexual assault, and staff or fellow inmate misdeeds towards Plaintiff in August of 2023. At the time of filing the Complaint, Plaintiff also applied to proceed *in forma pauperis* (IFP). (Doc. 2). According to 28 U.S.C. § 1915, a prisoner may not bring a civil action or appeal a civil judgment without payment of a fee (or as a pauper) "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to

state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

When setting forth his litigation history in the Complaint (Doc. 1), Plaintiff acknowledged that he previously had a case dismissed due to his accrual of three strikes, but he did not accurately identify the cases that led to the strikes. (Doc. 1 at 3-4, 12-14). At most, he identified two cases—*Podkulski v. Snyder, et al.*, Case No. 03-cv-5924 (N.D. Ill.) (Doc. 3 at 6) and *Podkulski v. Walker*, Case No. 07-cv-1664 (N.D. Ill.)—which he stated was dismissed for failure to state an actionable claim under 28 U.SC. § 1915(e)(2)(B). (Doc. 1 at 12). In relation to *Podkulski v. Trost, et al.*, Case No. 17-cv-1284 (S.D. Ill.), he indicated the case was dismissed because he had accrued three strikes.

Court documents are public records, and the Court can take judicial notice of them. *Hensen v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). To better understand Plaintiff's strike history, the Court examined Case No. 17-cv-1284, a case which was dismissed based upon Plaintiff's three strikes on June 26, 2019. In the written decision concerning dismissal, the Court listed the following strikes: *Podkulski v. Snyder*, Case No. 03-cv-5924 (N.D. Ill.) (dismissed for failure to state a claim); *Podkulski v. Walker*, Case No. 07-cv-1664 (dismissed for failure to state a claim); *Podkulski v. Olson*, Case No. 16-cv-3331 (N.D. Ill.) (dismissed as frivolous based on *res judicata*). The Court also indicated Plaintiff had been previously alerted to his three strikes in *Podkulski v. Merritt, et al.*, Case No. 18-cv-7205 (N.D. Ill.).

Upon a review of all the available information, the Court finds that Plaintiff was "struck out" at the time he initiated this lawsuit. He acknowledged this in a discrete

fashion by burying this detail in his litigation history, but he did not accurately list all his prior cases that led to strikes, nor did he otherwise substantively acknowledge that he had three strikes anywhere else in any of his other pleadings. Because Plaintiff has accumulated at least 3 strikes for purposes of § 1915(g), he may not proceed IFP in this or any other pending case in federal court unless he is in imminent danger of serious physical injury.

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* The imminent danger exception to § 1915(g)'s "three strikes" rule is available for genuine emergencies, where time is pressing, the threat is "real and proximate, and when the potential consequence is 'serious physical injury'...." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Additionally, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ciarpaglini*, 352 F.3d at 331 (*citing Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)).

The Court looks to the allegations set forth in the original Complaint when determining whether Plaintiff faced imminent danger of serious physical injury. *See Ciarpaglini*, 352 F.3d at 330. Plaintiff's complaint focuses almost entirely on incidents that transpired in August of 2023. Although he suggests that he faces ongoing threats of physical violence or harassment, he does not highlight a single event that has occurred in the nearly two intervening years from August of 2023 until August of 2025. The sole

exception is his passing mention that Defendant Dintelman made statements he perceived as threatening on August 7, 2023, and that Dintelman worked on May 24, 2025. Even this possible interaction with Dintelman appears to have transpired nearly two months before Plaintiff filed this complaint in mid-July of 2025. Against this backdrop, it is not obvious how Plaintiff could possibly qualify for the imminent danger exception to § 1915(g). Accordingly, Plaintiff does not qualify to proceed without pre-payment of the fee under the exception for imminent danger. Based on the foregoing analysis, the Court finds it appropriate to deny Plaintiff's IFP motion.

It is also worth mentioning that in Plaintiff's IFP motion (Doc. 2), he indicated that he had zero funds. By contrast, in a few of his "emergency" motions, he asked the Clerk of Court to "send notice to Menard Trust Fund Office to collect the full $405.00 file fee as stated above I have the $405.00 in my trust fund account to pay the full filing fee at this time." (Doc. 9 at 4, Doc. 11 at 2). It defies reason for Plaintiff to have attested in his IFP motion (Doc. 2) that he has zero assets, and to at the same time attest that he has the full $405 fee for this case. Given Plaintiff's failure to fully explain his litigation history, as well as this discrepancy between his IFP application and other motions, it is possible that Plaintiff is intentionally misleading the Court. Plaintiff has two previously dismissed matters in this District for intentional misinformation. *Podkulski v. Trost, et al.*, Case No. 17-cv-1284; *Podkulski v. Niepert*, Case No. 18-cv-246 (S.D. Ill.). If the undersigned finds that Plaintiff makes any further misrepresentations in this matter, this case may also be dismissed as a sanction for his misrepresentations.

### Motions

In addition to the Complaint, Plaintiff has filed four motions for emergency relief (Docs. 6, 9, 10, 11). The motions are duplicative of one another. In the motions, Plaintiff seeks a court order directing that he either be single celled in particular cellhouses at Menard, or that he be transferred to Pontiac. (Doc. 9). He also asks the Court to direct the preservation of video footage from August 7, 2023, thru August 15, 2023. The motions do not in any way demonstrate an immediate danger to Plaintiff's safety, nor do they tie any discrete recent events to the named defendants in this case. As such, the motions will all be denied.

Plaintiff has also filed two motions for recruitment of counsel (Docs. 3, 12).

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's in forma pauperis motion (Doc. 2) is **DENIED**.

**IT IS ORDERED** that Plaintiff shall pay the full filing fee of $405.00 for this action within twenty-one (21) days of the date of entry of this Order. If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994). Plaintiff may also opt to dismiss this action if he cannot pay the fee, and if he does not wish to proceed.

**IT IS SO ORDERED.**

Dated: August 4, 2025

<u>*s/ David W. Dugan*</u>
DAVID W. DUGAN
United States District Judge
